THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CARL ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:13-cv-01449 |
| | ) |
| JOHN DOE and M.P. EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01(d)(2), the parties submit this proposed Initial Case Management Order.

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332 as Defendant is an Illinois corporation with its principal place of business in Darien, Illinois and the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

B. BRIEF THEORIES OF THE PARTIES:

1. PLAINTIFF'S THEORY: On September 9, 2013, at approximately 5:30pm, a collision occurred on interstate 65 North at mile marker 95.40 between a Volvo tractor with trailer ("Tractor-Trailer") operated by Defendant, John Doe and owned by Defendant, M.P. Express, Inc. and a 2002 Chevy Silverado pickup truck operated by Plaintiff, Carl Adams.

Plaintiff, Carl Adams was traveling in the far outside lane of interstate 65 North. Defendant, John Doe was traveling in the center lane directly next to Plaintiff. The Defendant then proceeded to accelerate and merge into the far outside lane that Mr.

1

Adams was occupying. In doing so, the Defendant, John Doe struck the front passenger side of the Plaintiff's vehicle. This caused Mr. Adams vehicle to jerk wildly and him to lose control of his vehicle. Mr. Adams came very close to striking the inside median wall. Mr. Adams was able to regain control of his vehicle, he re-entered the roadway and followed the Defendant's tractor-trailer. He attempted to get the driver's attention and have him pull over, the Defendant refused. Mr. Adams obtained the Department of Transportation ("DOT") number from the side of the Defendant's tractor-trailer.

2. DEFENDANT'S THEORY: Defendant's tractor-trailer did not hit Plaintiff's vehicle and, thus, did not cause Plaintiff any injuries.

C. ISSUES RESOLVED: None.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 28 days after the initial case management conference [or such other deadline as the court approves].

F. DISCOVERY: Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after parties have conferred in good faith and, unable to resolve their differenced, have scheduled and participated in a conference telephone call with Judge Trauger.

2

Case 3:13-cv-01449  Document 16  Filed 02/25/14  Page 2 of 5 PageID #: 65

All discovery shall be completed by the close of business on January 15, 2015. All written discovery shall be submitted in sufficient time so that the response shall be in hand by the discovery deadline.

All discovery related motions shall be filed on or before January 22, 2015. Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so would result in an unreasonable delay in the disposition of the action.

G. MOTIONS TO AMEND: Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so would result in an unreasonable delay in the disposition of the action.

H. DEPOSITIONS OF EXPERT WITNESSES: By the close of business on August 30, 2014, the plaintiffs shall declare to the defendant the identity of any expert witnesses and provide all of the information specified in Rule 26(a)(2)(B).

By the close of business on October 15, 2014, the defendant shall declare to the plaintiffs the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on November 15, 2014.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses by the close of business on December 15, 2014.

J.  JOINT MEDIATION REPORT:  By ~~February 20~~ January 10, 2015, the parties shall file a joint mediation report, indicating whether they have engaged in settlement discussions, whether they believe there is potential for settlement and, if so, whether they believe that ADR would be productive and, if so, when and with whom.

K.  DISPOSITIVE MOTIONS:  All dispositive motions shall be filed by February 27, 2015. All responses shall be filed within 20 days of the filing of the motion. Any replies shall be filed within 10 days of the filing of the response. Briefs shall not exceed 20 pages. No motion for **partial** summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

L.  ELECTRONIC DISCOVERY: The parties agree that at this time electronic discovery does not appear to be at issue; however, to the extent that changes, the parties agree to meet in good faith to discuss the parameters of any electronic searches before resolving to have the Court decide the issue.

M.  ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 4 day(s).

IT IS SO ORDERED.

ENTERED this the __25th__ day of __February__ 2014.

_____
JUDGE TRAUGER

APPROVED FOR ENTRY:

/s/ Kyle A. Young
Kyle A. Young (#28357)
Tricia Olson (#24643)
ADAMS AND REESE LLP
424 Church Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 259-1450; Fax: (615) 259-1470
Email: kyle.young@arlaw.com;
    tricia.olson@arlaw.com;

*Attorneys for Defendants M.P. Express, Inc. and John Doe*


/s/Aaron Woodard
Aaron Woodard, #24807
BART DURHAM INJURY AND
ACCIDENT LAW OFFICES
1714 Parkway Towers
404 James Robertson Pkwy
Nashville, TN 37219
Phone: (615) 242-9000

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2014, a true and exact copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

> BART DURHAM
> Attorney for Plaintiff
> 1712 Parkway Towers
> 404 James Robertson Parkway
> Nashville, Tennessee 37219

This 21st day of February, 2014.

/s/ Kyle A. Young
Kyle A. Young