# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CARL ADAMS, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:13-cv-01449 |
| ) | Judge Aleta A. Trauger |
| v. ) | |
| ) | |
| BOHDAN FARBOTA and M.P. EXPRESS, ) | |
| INC., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM & ORDER

Plaintiff Carl Adams claims that defendant Bohdan Farbota and defendant M.P. Express, Inc. ("MPE") are liable to him for injuries that Adams sustained when a tractor trailer operated by Farbota and owned by MPE swerved into Adams' lane, struck his vehicle (a truck), and caused Adams to lose control of the truck temporarily. The defendants previously filed a Motion for Partial Summary Judgment (Docket No. 36), seeking summary judgment on three categories of damages that Adams allegedly suffered: (1) past and future medical expenses (primarily related to Adams' back injury), (2) permanent impairment, and (3) lost earning capacity. On April 2, 2015, the court granted the motion, finding that Adams had failed to disclose the requisite expert proof in compliance with Rule 26 and that exclusion of expert testimony under Rule 37 was an appropriate sanction. (Docket Nos. 42 and 43.) Because it was unclear from the parties' Rule 56 submissions what categories of claimed damages were not subject to the defendants' motion, the court ordered Adams to file a notice that identified the remaining categories of damages that he would seek to recover without expert testimony.

1

On April 15, 2015, Adams filed a Supplemental Notice of Claimed Damages, asserting that he "intends to seek recovery for past and future pain and suffering, lost wages, past and future loss of enjoyment of life, emotional duress and the damage to his truck as a result of the negligence of the Defendants." (Docket No. 45.) With leave of court, the defendants have filed a Second Motion for Partial Summary Judgment (Docket No. 45), in support of which they have filed interrogatory responses by Adams (*id.*, Ex. 1) and a Statement of Undisputed Material Facts (Docket No. 49). Adams has filed a Response in opposition (Docket No. 52) and a Response to the defendants' SUMF (Docket No. 53).

The parties seem to have read a bit more into the court's summary judgment order than the court had anticipated. The defendants' original motion for "partial" summary judgment sought judgment relative to three categories of damages, but did not specify what remaining categories of damages were *not* subject to the motion. The court presumed that a simple notification would suffice to clarify what damages remained, but Adams now seeks to add new categories of damages to the case, and the defendants now seek summary judgment on pre-existing categories of damages that were not the subject of its previous motion.

The parties have identified three documents in the record that reference Adams' damages: (1) his Amended Complaint; (2) his "initial" Rule 26 disclosures;[1] and (3) his interrogatory responses. The Amended Complaint alleges Adams' damages in generalized language, stating that he (1) "sustained severe, permanent painful personal injuries from which he has endured and shall continue to endure pain, suffering, emotional distress, and the loss of ability to participate in and enjoy the pleasures of life[.]" (¶ 18); and (2) "has incurred and shall

---

[1] In violation of the federal rules and the CMO, Adams filed his "initial" disclosures six months late, towards the end of the discovery period.

continue to incur medical expenses, past, present, and future lost earnings and lost earning capacity for the treatment of said injuries in said vehicular accident . . . ." (¶ 19.) The Rule 26 disclosures state that Adams is seeking "1. Medical expenses in the amount of $46,270.71, "2. Future medical expenses according to proof," "3. General damages according to proof;" 4. "Lost wages according to proof;" and "5. Permanent impairment according to proof." (Docket No. 27.)

Adams was also asked multiple interrogatories related to damages. First, he was asked to state "all damages" that he incurred as a result of the incident at issue, including the nature of the damages and the amount of damages. Adams averred as follows: "I am seeking recovery for past and future medical expenses, past and future pain and suffering, lost wages and earning capacity, permanent impairment, and loss of enjoyment of life, all according to proof. I reserve the right to supplement in accordance to [sic] the Tennessee Rules of Civil Procedure [sic]." Adams was also asked to "[i]dentify and describe with particularity each and every physical, psychological and/or emotional injury, condition or problem which you claim to have suffered as a result of event/conditions you are alleging and for each injury, condition, or problem, state a) The exact or approximate date and time of onset, b) All attendant signs and/or symptoms; c) Its duration; and d) The identity (name, address, and telephone number) of each provider you have seen for each injury, condition or problem." In response, Adams averred as follows: "While I am not a doctor, I have received the following injuries from this wreck: a ruptured L-4 disc in my back requiring two surgeries and stress. Please refer to the attached medical records for a more complete detailed description. I reserve the right to supplement this response in accordance with the Tennessee Rules of Civil Procedure." Adams did not supplement these responses.

At no time has Adams claimed or disclosed damages to his truck. Thus, they are not (and never were) part of the damages at issue in this case. As it relates to these damages, the defendants' motion for "summary judgment" is therefore more in the nature of a motion *in limine*, although the practical effect of precluding recovery of this category of damages at trial is the same. Adams' attempt to add these damages on the eve of trial will not be allowed.

Holding Adams to his interrogatory responses, the remaining categories of disclosed damages that the court has not already excluded are (1) past and future pain and suffering, (2) lost wages, and (3) loss of enjoyment of life. Although Adams now also purports to seek "emotional duress" damages, he has not identified any initial disclosure or discovery response that identifies emotional duress as a separate category of recoverable damages. Presumably, these damages may, at least to some extent, be subsumed within damages for "pain and suffering." However, to the extent that Adams is seeking to recovery these damages beyond the scope of those recoverable as "pain and suffering," they are not at issue in this case and are not recoverable because he never disclosed them as a separate category of damages.

As to the three remaining categories of damages, the question is, in part, more delicate. The defendants essentially argue that Adams cannot prove any pain and suffering or loss of enjoyment of life without expert medical proof. Adams argues that the defendants have not identified Tennessee caselaw precluding recovery of pain and suffering without expert proof, at least with respect to past pain and suffering. Pain and suffering "encompasses the physical and mental discomfort caused by an injury" and "includes the wide array of mental and emotional responses that accompany the pain, characterized as suffering, such as anguish, distress, fear, humiliation, grief, shame, or worry." *Huskey v. Rhea Cnty.*, No. E.2012-02411-COA-R3-CV, 2013 WL 4807038, at *15 (Tenn. Ct. App. Sept. 10, 2013) (quoting *Overstreet v. Shoney's, Inc.*,

4

4 S.W.3d 694, 715 (Tenn. Ct. App. 1999)) (internal quotation omitted).[2] As the Tennessee Court of Appeals indicated in *Williams v. Steward* – a case on which both parties rely here – it would not be reversible error for the court to (1) permit the plaintiff to introduce lay testimony supporting a claim for *past* pain and suffering, but (2) preclude the recovery of *future* pain and suffering in the absence of expert testimony. *Williams v. Steward*, No. 02A01-9712-CV-00311, 1998 WL 408795, at *3 (Tenn. Ct. App. July 22, 1998). Indeed, even where a plaintiff has subjective symptoms that a physician cannot corroborate, "the jury must rely heavily on the credibility of the injured party's testimony." *Schleicher v. Founders Security Life Ins. Co.*, No. 01A01-9711-CV-00649 (Tenn. Ct. App. Feb. 11, 1999) (citing *Buchanan v. Harris*, 902 S.W.2d 941, 943 (Tenn. Ct. App. 1995)) (reversing and remanding for new trial on damages, where testimony by plaintiff and witnesses that he suffered past pain and suffering were unrebutted and should have resulted in some measure of damages for past pain and suffering). The court will adopt the same approach here. One caveat, however: since Adams cannot prove that his back injury was caused by the incident at issue (rather than a preexisting condition) he will not be permitted to recover for past pain and suffering specifically attributable to that injury. *See Overstreet*, 4 S.W. at 715 (distinguishing damages for a "permanent injury" from damages for "pain and suffering").

    As to the loss of enjoyment of life, it is a close call whether these damages are recoverable here. "Damages awarded for loss of enjoyment of life are intended to compensate a plaintiff for the impairment of the ability to enjoy the normal pleasures of living." *Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414, 420 (Tenn. 2013); *see also Overstreet*, 4 S.W.3d at

---

[2] As explained in *Overstreet*, "[a] permanent injury differs from pain and suffering in that it is an injury from which the plaintiff cannot completely recover." 4 S.W.3d at 715.

715-16 ("Damages for loss of enjoyment of life compensate the injured person for the limitations placed on his or her ability to enjoy the pleasures and amenities of life.")[3] Often, a jury will base a loss of enjoyment of life on an underlying finding of permanent injury. *See, e.g.*, *Huskey*, 2013 WL 4807038, at *17. What is not clear from the caselaw cited by the parties is whether a finding of permanent impairment is *necessary* to finding a loss of enjoyment of life. There is at least one Tennessee case in which a jury awarded zero damages for permanent injury while awarding damages for loss of enjoyment of life, and the court distinguished between "past" and "future" loss of enjoyment. *See Oglesby v. Riggins*, No. W2010-01470-COA-R3-CV, 2011 WL 915583, at *2 (Tenn. Ct. App. Mar. 17, 2011). Also, loss of enjoyment damages can be based on relatively mundane facts that are well within the province of the jury to understand and evaluate without the need for expert testimony. *See, e.g.*, *Overstreet*, 4 S.W.3d at 717 (upholding award, where, after being blinded by a shard from a broken plate, plaintiff could not swim or wash her own her hair while wearing an eye shield, she no longer enjoyed socializing, she was "constantly afraid" that she would go blind in her remaining good eye, she no longer swam because the chlorine burned her eye, and she burned herself while cooking).

Here, it is unclear what specific issues Adams will identify as contributing to his loss of enjoyment of life from the accident. In the abstract, the court cannot hold that Adams is precluded from recovering these damages, at least as to the past loss of enjoyment of life that is

---

[3] The defendants also purport to quote from civil Tennessee Pattern Jury Instruction § 14.10, which, through the 2006 edition, set forth a "pain and suffering" instruction that included language related to the loss of enjoyment of life. Section 14.10 was subsequently amended and relocated within the pattern instructions. It now appears in § 14.01, which states as follows: "Loss of the enjoyment life takes into account the loss of the normal enjoyments and pleasures in life in the future as well as the limitations on the person's lifestyle resulting from the injury." *See* Tenn. Prac. Pattern Jury Instr., T.P.I.-Civil § 14.01, TNPRACJIC 14.01 (2014 ed.)

unrelated to his back injury.  The court will therefore deny the motion as it relates to these damages, with the caveat that the court may either limit evidence and argument on this issue or factor it into the jury instructions about what damages are recoverable.[4]

The defendants do not address Adams' continued claim for lost wages.  The court will therefore permit him to pursue recovery of those damages.

On a final note, Adams asks the court to characterize the dismissal of his damages claims (both in this order and in the previous Rule 56 order) as dismissals without prejudice, so that Adams' "right to pursue justice is not permanently closed."  But dismissal with prejudice is the appropriate course here, because the defendants are entitled to the assurance that all of Adams' claims against them will be resolved in a single proceeding.  It is certainly unfortunate for Adams that he forfeited the ability to recover a substantial amount of his claimed damages by failing to abide by the CMO and the federal rules.  But this court previously weighed the relevant considerations and determined that this result was justified by the record.

In sum, the defendants' motion is hereby **GRANTED IN PART and DENIED IN PART**.  Adams will not be permitted to recover damages to his truck, damages for future pain and suffering, or damages for "emotional duress" that are not already subsumed within his claim for past pain and suffering.  To the extent those damages were already part of this case, they are hereby **DISMISSED WITH PREJUDICE**.  To the extent that they were not, Adams is hereby **PRECLUDED** from seeking them at trial.  Subject to the other caveats set forth herein, Adams may seek to recover damages for lost wages, past pain and suffering, and loss of enjoyment of life at trial.

---

[4] Even after a jury verdict, the court could also consider remittitur on these or any other damages, if warranted.

It is so **ORDERED**.

Enter this 22nd day of May 2015.

_____
ALETA A. TRAUGER
United States District Judge